UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-22256-CIV-MORENO**

ADAM WIECKIEWICZ,

    Appellant,

vs.

EDUCATIONAL CREDIT and MANAGEMENT
CORP.,

    Appellee.
_____/

CLOSED CIVIL CASE

## ORDER AFFIRMING BANKRUPTCY COURT

Appellant Adam Wieckiewicz, *pro se*, appeals the Bankruptcy Court's dismissal with prejudice of his adversary complaint against Appellee Educational Credit and Management Corp. ("ECMC"). For reasons stated below, this Court finds that the Bankruptcy Court did not abuse its discretion in dismissing Wieckiewicz's complaint, and accordingly, AFFIRMS.

### I. Background

In 2004, Wieckiewicz filed for chapter 7 bankruptcy protection and subsequently received his general discharge. *In re Wieckiewicz*, No. 04-10292-BKC-RAM (Bankr. S.D. Fla. 2004) ("the bankruptcy case"). In 2009, after the Bankruptcy Court had granted his motion to reopen the bankruptcy case, Wieckiewicz initiated an adversary complaint against the Florida Department of Education ("FDE") seeking the discharge of his student loan debt pursuant to the Bankruptcy Code's undue hardship exemption, 11 U.S.C. § 523(a)(8).[1] *Wieckiewicz v. Educ. Credit Mgmt. Corp.*, No. 09-01697-RAM (Bankr. S.D. Fla. 2009) ("the adversary case"). ECMC moved to substitute itself as party defendant on the basis that FDE had assigned to it the student loan that was the subject of the adversary

---

[1] This section provides that qualified education loans are excepted from a debtor's discharge "unless excepting such debt . . . would impose an undue hardship on the debtor and the debtor's dependants . . . ."

complaint. The Bankruptcy Court granted ECMC's motion, and trial was held on March 17, 2010.

During the trial, the Bankruptcy Court questioned Wieckiewicz extensively on the Income-Based Repayment Plan ("IBRP") and whether he had attempted to apply for it. In particular, the Bankruptcy Court told Wieckiewicz, "If you did qualify [for the IBRP] and would have zero payments, it would be pretty hard for you to meet the burden(s) [of proof]." Trial Tr. at 8: 13-15. At bottom, the Bankruptcy Court told Wieckiewicz that if he qualified for the IBRP, it would likely rule for ECMC because Wieckiewicz would not be able to prove undue hardship, but that if Wieckiewicz applied for the IBRP and was rejected, it would likely rule in his favor. *See id.* at 62: 24-25; 63: 1-6.

Thereafter, the Bankruptcy Court issued an order directing Wieckiewicz to apply for the IBRP and, to the extent necessary, the Income Contingent Repayment Plan ("ICRP") by April 19, 2010, and reserving ruling on Wieckiewicz's adversary complaint. *See* Order (1) Directing Plaintiff to Apply for Income-Based Repayment Plan; and (2) Reserving Ruling on Complaint to Discharge Student Loan Debt, March 17, 2010, ECF No. 46 ("March 17th Order"). Wieckiewicz refused to comply with the March 17th Order, and instead, on April 1, 2010, filed a motion requesting a final ruling on his adversary complaint. *See* Plaintiff's Motion for Final Ruling on Adversary Complaint, ECF No. 48 ("First Motion for Final Ruling"). The Bankruptcy Court held a hearing on the motion on April 27, 2010, and on May 4, 2010, entered an order denying Wieckiewicz's First Motion for Final Ruling and setting a new deadline of May 24, 2010 for Wieckiewicz to comply with the application requirements of the March 17th Order. *See* Order (1) Denying Plaintiff's Motion for Final Ruling; and (2) Setting New Deadline for Plaintiff to Apply to Federal Program, ECF No. 57 ("May 4th Order"). In addition, the May 4th Order provided that if Wieckiewicz did not comply, his adversary complaint would be dismissed with prejudice.

Nevertheless, Wieckiewicz again refused to comply with the application requirements mandated by the Bankruptcy Court, and instead, on May 17, 2010, filed a second motion for final ruling in which

he argued the same matters already decided by the Bankruptcy Court in both the March 17th and May 4th Orders. *See* Ex Parte Motion for Final Ruling, ECF No. 61 ("Second Motion for Final Ruling"). Accordingly, on May 18, 2010 the Bankruptcy Court denied Wieckiewicz's Second Motion for Final Ruling and reiterated both the May 24th application deadline and the Court's intention to dismiss the adversary complaint if Wieckiewicz failed to comply. *See* Order Denying Second Motion for Final Ruling, ECF No. 62.

After Wieckiewicz failed to comply with the May 24th application deadline, ECMC filed a notice with the Bankruptcy Court in which it recited Wieckiewicz's noncompliance with the Bankruptcy Court's March 17th and May 4th Orders. *See* Notice of Non-Compliance, ECF No. 64. Accordingly, the Bankruptcy Court dismissed Wieckiewicz's adversary complaint with prejudice on June 8, 2010. *See* Order Dismissing Adversary Complaint, ECF No. 67 ("Order of Dismissal"). Wieckiewicz appealed the Order of Dismissal on June 15, 2010.

## II. Discussion

The standard of review for a dismissal with prejudice is abuse of discretion. *Calloway v. Perdue Farms, Inc.*, 313 F. App'x 246, 249 (11th Cir. 2009). Under this standard, the Court will not disturb the Bankruptcy Court's decision "unless it amounts to a clear error in judgment." *Id.*

Here, the Bankruptcy Court was justified in ordering Wieckiewicz to apply for the IBRP and ICRP, as a debtor's eligibility under such plans is relevant to the determination of whether the debtor can prove undue hardship. *See In re Dimoyannis*, Bankr. No. 09-43869-EJD, 2010 WL 1780098, at *3 (Bankr. N.D. Cal. Apr. 29, 2010) (holding that debtor failed to prove undue hardship because his monthly payments under the IBRP would range from $0 to $47); *In re Robinson*, 416 B.R. 275, 282 (Bankr. E.D. Va. 2009) (holding that debtor failed to prove undue hardship because, *inter alia*, her monthly payments under the ICRP would be $0). Furthermore, the Bankruptcy Court could not have been more explicit in requiring Wieckiewicz to apply for these plans and warning Wieckiewicz that

failure to comply would result in dismissal. Nevertheless, Wieckiewicz clearly refused to comply with the Bankruptcy Court's orders not once, but twice. Under these circumstances, the Court finds that the Bankruptcy Court acted well within its discretion in dismissing Wieckiewicz's adversary complaint. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ( "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Therefore, the Court need not discuss whether Wieckiewicz has met his burden of proving undue hardship under 11 U.S.C. § 523(a)(8).

### III. Conclusion

Having closely reviewed the Bankruptcy Court's Order of Dismissal and preceding orders, and having considered the briefs for the parties, the pertinent portions of the record, and the applicable law, this Court finds that the Bankruptcy Court did not abuse its discretion when it dismissed Appellant's adversary complaint for his repeated failure to comply with the Bankruptcy Court's orders. Accordingly, it is

**ADJUDGED** that the Bankruptcy Court's Order of Dismissal **(D.E. 67)**, entered on **June 8, 2010** in the adversary case, is AFFIRMED.

DONE AND ORDERED in Chambers at Miami, Florida, this /7 day of February, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record